## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**JULIA CUNNINGHAM,**

       **Plaintiff,**

v.                               **CASE NO. 5:14-cv-212-RS-GRJ**

**AMERICAN EXPRESS COMPANY,**

       **Defendant.**

_____/

## ORDER

Before me are Defendant American Express Company's Motion to Dismiss Amended Complaint (Doc. 11), and Plaintiff's Memorandum in Opposition (Doc. 20). The relief requested in Defendant American Express Company's Motion to Dismiss Amended Complaint (Doc. 11) is **GRANTED in part**.

## STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).

The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need detailed factual allegations." *Bell Atlantic Corp.*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of action is insufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557.

In analyzing the sufficiency of the complaint, a District Court must limit their consideration "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). Documents central to the plaintiff's claim must be undisputed in order for a District Court to consider the document for motion to dismiss purposes. *Horsley v. Feldt*, 304 F.3d 1125, 1134

(11th Cir. 2002). The Eleventh Circuit has held that in this context, undisputed "means that the authenticity of the document is not challenged." *Id.*

## <u>BACKGROUND</u>

While considering a motion to dismiss, I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

In Plaintiff's Amended Complaint, Plaintiff alleges that from April 1998 to February 2013, Plaintiff worked for Defendant. Doc. 10. At the time of her termination, she held the position of Director of Business Development. *Id.* According to Plaintiff, she began employment with General Electric, but General Electric was subsequently acquired by American Express. *Id.* When American Express took over General Electric, Plaintiff lost certain benefits, such as her pension and retirement plan, but she elected to continue working for Defendant because of the greater commissions built into Defendant's incentive plan. *Id.*

Initially, according to Plaintiff, she had a prosperous sales territory, but Defendant began to take several successful business entities away from her, including several extremely successful hospitals, and almost all businesses that were already existing American Express accounts. *Id.*  The majority of companies

left to Plaintiff were those which had previously used and fired American Express. *Id.* Plaintiff argues that these changes to her clients caused her to fail to meet Defendant's satisfactory performance standards. *Id.*  Specifically, according to Plaintiff, Defendant claimed that she only booked approximately 10% of a $40 million sales target and that she needed to meet her $40 million dollar account status by January 31, 2013. *Id.* Therefore, Plaintiff was placed on an improvement plan. *Id.*

While on the improvement plan, Plaintiff was in contract negotiations with several potential business customers. *Id.* However, Defendant's failure to have an appropriate leadership structure in place for over eight months in 2012 caused a significant delay in contract negotiations. *Id.* Plaintiff argues that even though she did not complete the $200 million dollar contract with Royal Caribbean Cruise Lines, she should receive credit for the contract under Defendant's incentive plan, and she is entitled to a commission of approximately $250,000.00 for the failed contract. *Id.*

Additionally, Plaintiff argues that her 2011 contract with Crossmark (CHI Holdings) was erroneously characterized as a re-bid rather than a new sale. *Id.* Consequently, her commission was reduced from approximately $62,500.00 to $10,000. *Id.* Additionally, re-bid contracts do not count towards the sales quota

Defendant alleged Plaintiff had failed to meet. *Id.* Defendant has filed to pay

Plaintiff any commission for the CHI Holdings contract. *Id.*

Plaintiff also argues that Defendant erroneously characterized Plaintiff's

HSN contract as an expansion rather than a new sale. *Id.* This mischaracterization

resulted in non-payment to Plaintiff in the amount of $12,500.00. *Id.* However, in

Plaintiff's Amended Complaint, Plaintiff admits that HSN had an existing contract,

but had reduced their American Express cards to only one. *Id.* After Plaintiff

worked with HSN, it re-signed for over five-hundred cards again. *Id.* A signing is

considered an "Expansion if there is an existing relationship with the client . . . that

generated volume within the prior 12-month period." *Id.*

Lastly, Plaintiff argues that she executed a contracted with Glazer's prior to

her termination. *Id.* She earned a $12,500.00 commission with this contract. *Id.*

However, Defendant has failed to pay Plaintiff her earned commission. *Id.*

On September 26, 2014, Plaintiff filed her four-count Amended Complaint

alleging breach of contract, quantum meruit, promissory estoppels, and unjust

enrichment. *Id.*

## ANALYSIS

In Defendant's motion to dismiss, Defendant argues that Plaintiff has failed

to state a claim upon which relief can be granted because an employer's unilateral

statement of policy does not rise to the level of an enforceable contract as a matter

of law. Doc. 11. Additionally, according to Defendant, Plaintiff has failed to state a claim for the three asserted equitable theories. *Id.* In response, Plaintiff argues she has sufficiently pled facts to support each claim. Doc. 20.

As an initial matter, "Florida law has long recognized that statements in employee handbooks, policy statements, or procedure manuals do not constitute the terms of a contract of employment and thus do not give rise to enforceable contract rights." *Turton v. Singer Asset Fin. Co.*, 120 So. 3d 635, 636 (Fla. Dist. Ct. App. 2013). Nevertheless, an employee handbook may be an otherwise enforceable contract if "a statement induces an employee to refrain from performing an action separate from their normal contractual duties." *Id.* Additionally, Florida law has recognized that an employee policy is an employment contract if the policy contains "specific language which expresses the parties' mutual agreement that the manual constitutes a separate employment contract." *OneSource Facility Servs., Inc. v. Mosbach*, 508 F. Supp. 2d 1115, 1123 (M.D. Fla. 2007).

As written, the allegations of Plaintiff's Amended Complaint do not indicate that there was express language in the Global Corporate Services Incentive Plan which would make the document a separate employment agreement. *See Walton v. Health Care Dist. of Palm Beach Cnty.*, 862 So. 2d 852, 855-56 (Fla. Dist. Ct. App. 2003). Additionally, Plaintiff has not alleged that Plaintiff and Defendant had reached a mutual agreement to this effect. *See id.* Lastly, Plaintiff has failed to

allege any facts that would support a finding that the document induced her to refrain from performing an action separate from her normal contractual duties. *See Turton* 120 So. 3d at 636. Plaintiff has only alleged that the document was a legally binding contract – a conclusion without any supportable allegations. *See Bell Atlantic Corp.*, 550 U.S. at 555. Accordingly, absent any allegations that the contents of the document were subject of negotiation and consideration, Plaintiff has failed to state a claim upon which relief may be granted for Count I of her Amended Complaint.

In Count II of the Amended Complaint, Plaintiff alleges an action against Defendant for quantum meruit. To establish a prima facie case under quantum meruit, Plaintiff was required to show: "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 842 (11th Cir. 2013). Plaintiff alleges that she "completely or substantially performed under her agreement with Defendant. . . Defendant assented to these services . . . and received the benefits of these services performed . . . ." Doc. 10. Because Plaintiff alleges, in the same count, that an express agreement existed, she performed under the agreement, and Defendant failed to pay for these agreed upon services, her

claim for quantum meruit must fail. *See* e.g., *Poe v. Levy's Estate*, 411 So. 2d 253, 256 (Fla. Dist. Ct. App. 1982).

Next, Defendant argues that Plaintiff has failed to plead the elements of promissory estoppels in support of her third claim. Doc. 11. Generally, "promissory estoppel is the principle that a promise made without consideration may nonetheless be enforced to prevent injustice if the promisor should have reasonably expected the promisee to rely on the promise and if the promisee did actually rely on the promise to his or her detriment." *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 93 (Fla. 2013). Under Florida law, to establish a prima facie case of promissory estoppels, a plaintiff must allege that there was a (1) promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise and (2) which does induce such action or forbearance, and (3) that injustice can only be avoided by enforcement of the promise. *Id.*

Plaintiff has alleged that there was a promise to pay her in accordance with the employee document, that due to the nature of the services provided to Defendant by Plaintiff, Defendant reasonably should have expected the promise it made to Plaintiff to induce reliance in the form of action or forbearance, and that there was reliance and forbearance on the part of the Plaintiff. Doc. 10. Specifically, when Defendant acquired Plaintiff's previous employer, despite

losing her employee benefits, Plaintiff did not seek or accept employment elsewhere. *Id.* Accordingly, Plaintiff has sufficiently alleged sufficient facts to support a claim of promissory estoppels.

Lastly, like a claim for quantum meruit, to state a claim for unjust enrichment under Florida law, "a plaintiff must allege (1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Dyer*, 535 F. App'x at 842. Because Plaintiff alleges, in the same count, that an express agreement existed, she performed under the agreement, and Defendant failed to pay for these agreed upon services, her claim for unjust enrichment must fail. *See* e.g., *Poe v. Levy's Estate*, 411 So. 2d 253, 256 (Fla. Dist. Ct. App. 1982). Moreover, Plaintiff alleges that she conferred those services during the course of her employment as required of her during her employment. Doc. 10. Plaintiff has failed to allege any facts that would support that she was not paid for her employment, only that Defendant failed to pay her the additional commission under its unilateral incentive structure.

## CONCLUSION

The relief requested in Defendant American Express Company's Motion to Dismiss Amended Complaint (Doc. 11) is **GRANTED in part**. Counts I, II, and IV are **DISMISSED**. Plaintiff's claim in Count III remains.

**ORDERED** on November 17, 2014.

<div style="margin-left:40%">

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

</div>